United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Previlon Johnson, Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 23-22478-Civ-Scola |
| Flora Marie Jackson, and Abby Cynamon, Defendants. | ) ) ) | |

### Order Dismissing Complaint

This matter is before the Court upon an independent review of the record. The Plaintiff's complaint purports to sue the Honorable Flora Marie Jackson and the Honorable Abby Cynamon, Florida state-court judges in the Eleventh Judicial Circuit, Miami-Dade County. (Compl. at 2, ECF No. 1.) The Plaintiff claims that both judges deprived him of his constitutional rights (although he does not state how), defamed him, and committed various other alleged misconduct.  (*Id.* at 4.) The Plaintiff has also moved to proceed *in forma pauperis* and for the Court to appoint counsel. (Mot. Proc. IFP, ECF No. 3; Mot. Appt. Csl., ECF No. 4.)

1. **Pleading Standard**

 "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In assessing whether a plaintiff may proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) (2006) requires a court to dismiss a case at any time if the court determines that the case is frivolous or fails to state a claim on which relief may be granted. The same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6) governs a dismissal under Section 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

2. **Judicial Immunity**

"[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority

vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Hyland v. Kolhage*, 267 F. App'x 836, 839-40 (11th Cir. 2008) (quoting *Mireles*, 502 U.S. at 11). There are two exceptions to the doctrine of judicial immunity: (1) actions not taken in the judge's judicial capacity, and (2) actions taken in the complete absence of all jurisdiction. *See Hyland*, 267 F. App'x at 840.

The Plaintiff does not plead any conduct by the Defendants here that would fall within the limited exceptions to judicial immunity. The Plaintiff makes no mention that the alleged misconduct occurred outside of the Defendants' official capacity, and from what the Court can ascertain from the complaint, the allegations appear to all relate to conduct in the Defendants' official judicial capacities. (Compl. at 2-4.) The Plaintiff also makes no allegations regarding any purported "absence of all jurisdiction," and again, the limited allegations he does plead suggests that the state courts did have jurisdiction in this instance. (*Id.*); *Hyland*, 267 F. App'x at 840.

### 3. Conclusion

In this case, the Plaintiff's complaint does not contain a short and plain statement of the claim showing that he is entitled to relief. No cause of action is alleged or ascertainable from the one page complaint. Additionally, even if a cause of action could be construed from the Plaintiff's accusations, the Defendant judges are immune from suit. Accordingly, the Plaintiff's complaint is **dismissed** with prejudice. (**ECF No. 1**.) The Plaintiff's motion for leave to proceed *in forma pauperis* (**ECF No. 3**) and request for volunteer counsel (**ECF No. 4**) are **denied as moot**. The Clerk is directed to **close** this case.

**Done and ordered** in Miami, Florida, on July 10, 2023.

          _____
          Robert N. Scola, Jr.
          United States District Judge

*Copy via U.S. Mail to*:
Previlon Johnson
6251 NW 1st Ave
Miami, FL 3350